UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CRIMINAL ACTION NO. C-05-109** |
| | § | |
| **AMANDA OCHOA,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER

Pending before the Court is Defendant Amanda Ochoa's ("Ochoa") Motion for Modification or Reduction of Sentence (Dkt. No. 54), wherein Ochoa contends that, because of an amendment to the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), her criminal history level—and thereby her sentence—should be modified. Specifically, Ochoa argues that Amendment 709 justifies a reduction of her sentence.[1] Ochoa additionally argues that the Supreme Court's classification of the Guidelines as advisory in *United States v. Booker*, 543 U.S. 220 (2005), allows the Court to consider the factors set forth in 18 U.S.C. § 3553(a) when recalculating her sentence.

This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582 (c). *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582 (c)(1); (2) on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed under FED. R. CRIM. P. 35 according to §

---

[1] Although Ochoa states in her motion that she seeks to proceed on the basis of Amendment 12, the language quoted in her papers and the structure of her arguments reveal that she seeks to assert her claim on the basis of Amendment 709. At least one other prisoner in the Southern District of Texas seeking similar relief has made the same labeling error. *See United States v. Chavez*, Cr. No. C-03-196, 2008 WL 4449900 (S.D. Tex. Sept. 30, 2008).

3582(c)(1)(B); and (3) when the Guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the Guidelines' policy statements pursuant to § 3582(c)(2). 18 U.S.C. § 3582(c).

Attempting to proceed solely under the third circumstance, Ochoa argues that she is entitled to a sentence reduction as a result of Amendment 709. Ochoa's contention is without merit. As stated, § 3582(c)(2) allows a district court, in its discretion, to reduce a term of incarceration where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Guidelines, but only if such a reduction is consistent with the policy statements issued by the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The relevant policy statement is found at U.S.S.G. §1B1.10. *Id.* This section lists the amendments to the Guidelines that are eligible for retroactive application. U.S.S.G. § 1B1.10(c). If an amendment is not listed in U.S.S.G. § 1B1.10(c), a retroactive reduction in a defendant's sentence is not authorized. U.S.S.G. §1B1.10(a); *see also United States v. Gonzalez-Balderas*, 105 F.3d 981 (5th Cir. 1997).

Amendment 709 does not authorize the reduction Ochoa desires because it is not listed in section 1B1.10(c) and therefore does not apply retroactively. *See United States v. Rodriguez*, No. 08-10595, 2009 WL 46884 (5th Cir. 2009) (holding that a district court is not authorized to reduce a sentence based on Amendment 709 because it is not listed in § 1B1.10(c)). Because Ochoa has not provided the Court with a cognizable legal basis on which to modify her sentence, the Court need not consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether a reduction is warranted and to what extent.

Based on the foregoing, Ochoa has not demonstrated that she is entitled to relief under an

amendment that has been made retroactive under the Sentencing Guidelines or that she is otherwise entitled to a reduction of her sentence. Accordingly, Ochoa's Motion for Modification or Reduction of Sentence (Dkt. No. 54) is **DENIED**.

It is so **ORDERED** this 24th day of February, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE